Trusty et ux. *v.* Patterson et al., Appellants.

470

Argued January 27, 1930.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Fletcher W. Stites,* with him *Emanuel Weiss, George Eves* and *C. H. Ruhl,* for appellants, cited: Jaras v. Wright, 263 Pa. 486; Cochran v. R. R., 184 Pa. 565; Thubron v. Contracting Co., 238 Pa. 443; Griffin v. Ry., 67 Pa. Superior Ct. 392; S. S. Pass. Ry. v. Trich, 117 Pa. 390; Marsh v. Giles, 211 Pa. 17; Wood v. R. R., 177 Pa. 306; Bannon v. R. R., 29 Pa. Superior Ct. 231; Weiss v. London G. & A. Co., 280 Pa. 325.

*John B. Stevens,* with him *Walter B. Freed, Harry W. Lee* and *Ralph C. Body,* for appellee, cited: Jenkins v. Fady, 294 Pa. 490.

OPINION BY MR. JUSTICE FRAZER, March 17, 1930:

Plaintiffs, husband and wife, sued to recover damages for personal injuries to the wife, the result of her being struck by an automobile owned by defendant, and at the time of the accident driven by one to whom defendant had rented the car for hire. The theory on which plaintiffs' sought to hold defendant liable was that the automobile had been hired out with knowledge that the brakes were in a defective condition and that such defects were the proximate cause of the accident. There was a verdict and judgment for plaintiffs and defendant appealed.

Defendant conducted a garage in the City of Reading and, in connection therewith, was engaged in the business of hiring automobiles to persons who desired to do the driving themselves. The particular car in question was hired by Chester Lewandoski who, shortly after taking the car out, discovered the brakes were not holding properly. He drove back to defendant's garage and explained the trouble but was told it was the only machine for hire at the time and to "take it out anyway." He did so, and later in the day, upon approaching a curve and bridge at a speed of from 25 to 30 miles an hour, he saw Mrs. Trusty, one of plaintiffs, standing along the side of the highway near the end of the bridge and five or six feet from the roadway. He applied the foot brakes, causing the car to skid to the left side, and upon immediately applying the emergency brake, the machine swung to the right and struck Mrs. Trusty where she stood at one side and off the traveled portion of the highway.

Both foot and hand brakes were defective. The effect of applying the brakes caused the machine to turn to one side due to the fact that the brakes were out of adjustment and failed to hold equally on both wheels, forcing the car to skid, even though the road was an ordinary gravel highway. It appears that, had the car not skidded, there would have been ample room to pass plaintiff without striking her. The driver had diffi-

culty on another occasion during the same day when the car stalled on a hill and the brakes failed to hold, which required one of the passengers to alight and place a stone behind the wheels to prevent it from backing.

The foregoing facts fully justified the conclusion that the proximate cause of the accident was not excessive speed of the car, but defective condition and improper adjustment of the brakes which resulted in the skidding upon applying pressure. Defendant had notice of this condition, and the fact that, in the course of his business, he rented the car to another who operated it for his own benefit or pleasure, did not relieve defendant from all responsibility in the matter.

The bailment or hiring contemplated the operation of the machine on the highway and defendant owed a duty to other users of the highway to see that the car was reasonably safe for that purpose. There was no agreement, either express or implied, requiring bailee to make repairs.

The trial judge instructed the jury that even though they found the brakes were defective there could be no recovery unless they found further that such condition was the proximate cause of the accident. Their finding on this question is fully sustained by the testimony.

The only other matter raised in the statement of questions involved is the alleged failure of the trial judge to comment on the credibility of witnesses for plaintiff pursuant to a request made by counsel at the close of the charge. In answer to the request, the court told the jury they were to take into consideration the manner of the witnesses in testifying and their interest in the subject-matter and reconcile conflicting statements if possible, and, if not, to decide which witness or set of witnesses they were willing to believe. This explanation was ample. The extent to which the trial judge shall discuss the testimony must necessarily be left to his discretion and we find no evidence here of abuse of that discretion.

The judgment is affirmed.