## Lambert, Admrx., *v.* Richards-Kelly Construction Company, Appellant.

Argued November 30, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Henry Thomas Dolan,* with him *Robert C. Duffy,* for appellant.

*Edward I. Cutler,* for appellee.

PER CURIAM, January 3, 1944:

Plaintiff sues to recover for the death of her husband. The jury found for defendant but the court ordered a new trial. Defendant now complains (1) of that order; (2) of the refusal of its motion for binding instructions.

1. We find nothing to indicate abuse of discretion in granting the new trial.

2. Defendant, who frequently let equipment, bailed a crane to Raymond Concrete Pile Company, who employed plaintiff's husband, agreeing to maintain the crane, and knowing it was to be for immediate use by the bailee's employes. See Restatement, Torts, sections 388, 408. The crane had a cab from which extended a boom 45 feet long over which, inter alia, a boom hoist cable was operated by a man in the cab for the purpose of lifting heavy weights. There is evidence from which the jury might have found that the boom hoist cable was only 411 feet long when, to be reasonably safe, it should have been considerably longer and that, being too short, the weight of the boom pulled the cable from the drum on which it was inadequately wrapped and permitted the boom to fall on plaintiff's husband. The evidence would also have supported a finding that the defect was known to the defendant and that the bailee was not warned;

that it was one which would not ordinarily be observed by the workman, who was a rigger and whose work was not in the cab which contained the drum.

The disputes of fact arising out of these circumstances were necessarily for the jury and not to be resolved by affirming defendant's point or by subsequently entering judgment n. o. v.

Order affirmed.