**WUJNOVICH v. EQUIPMENT CORPORA-
TION OF AMERICA (CRUCIBLE STEEL
CO. OF AMERICA, Third-Party Defend-
ant).**

Civ. No. 2560.

District Court, W. D. Pennsylvania.

March 16, 1944.

Wm. F. Beatty, of Pittsburgh, Pa., for plaintiff.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant.

John C. Bane, Jr., Paul J. Winschel, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for third-party defendant.

SCHOONMAKER, District Judge.

This action originated in the Court of Common Pleas of Allegheny County, Pennsylvania, and was removed from that court to this court on petition of the defendant. After its removal to this court, the defendant Equipment Corporation of America brought in Crucible Steel Company of America as a third-party defendant.

In the original complaint, the plaintiff, an employee of the Crucible Steel Company of America, charges that he received personal

injuries when the boom attached to a caterpillar crane, which the Crucible Steel Company leased from defendant, gave way and fell upon plaintiff. It is alleged that the fall and collapse of this crane was due to negligence on the part of the defendant in the assembly of the crane-boom, so that it collapsed in the course of its operation at the plant of the Crucible Steel Company where it was being operated with a magnet for the unloading of a railroad car of scrap iron. The plaintiff at the time of his injury was standing on the steps of said car, directing the movement of the crane in the course of its unloading operations.

When the case came to this court, the Equipment Corporation moved to make the Crucible Steel Company, the employer of plaintiff, a third-party defendant. This motion was granted, and the Equipment Corporation filed a third-party complaint, charging that the Crucible Steel Company was solely negligent, or jointly negligent with the Equipment Corporation. The Crucible Steel Company, a third-party defendant, answered the third-party complaint, denying negligence on its part.

The plaintiff did not amend its complaint, so as to charge the Crucible Steel Company with negligence. The case was tried before a jury with the result that the plaintiff recovered a verdict against defendant, Equipment Corporation, in the sum of $38,000. And on the third-party complaint of the Equipment Corporation against the Crucible Steel Company, the jury rendered a verdict in favor of the third-party defendant, Crucible Steel Company.

The defendant, Equipment Corporation, has moved for the setting aside of the verdict and to enter judgment for the defendant in accordance with its motion filed at the conclusion of the trial; and, if that motion be refused, for a new trial. At a later date, the defendant filed some twenty-five additional reasons for a new trial. On the argument, counsel for defendant presented for consideration of the court, six questions which we will now consider.

The first question is whether or not the court should have referred to the jury the question of whether or not the Crucible Steel Company was negligent in failing to inspect the leased equipment. We said to the jury:

"If the Crucible Steel Company failed to make an examination of this equipment when it came to it, that of itself would not relieve the Equipment Corporation from the responsibility of the result of an improper assembly of this socket, wedge and cable; when they assembled it they should have put it together with equipment and wedges that would properly hold the load that the crane, as leased by the Crucible Steel Company, was intended to be used."

And again, on pages 605, 606, and 607, we said to the jury:

"Now, as to the third party complaint, your verdict in that case, if you find that there was negligence on the part of the Equipment Corporation, and that as a result of that negligence the plaintiff was injured, you then would take up the question of whether there was any negligence on the part of the Crucible Steel Company which may be said to have contributed to the injury which the plaintiff suffered in this case. For instance, if you find from the evidence that the foreman of the Crucible plant who was directing this operation directed the plaintiff to stand upon this car that was being unloaded in a dangerous position, when at that time there was a safer one, that would be negligence on the part of the Crucible Steel Company which would justify the entry of a verdict against that company on the third party complaint. Then, if there were improper operation of the crane by the operator employed by the Crucible Steel Company which caused the cable to slip and the crane to fall, that would be such negligence on the part of the Crucible Steel Company as would justify a verdict against that company.

"You may note upon the order for the lease of this equipment that there are some terms printed on the back of the rental agreement, and we say to you that, whatever those terms are, they have no bearing upon any issue that is involved in this case and will not be considered by the jury. We further say to you on this third party complaint that, unless you enter a verdict or find a verdict in favor of Nick Wujnovich against the Equipment Corporation of America, there can be no verdict against the Crucible Steel Company, the third party defendant. We further say to you that if the Equipment Corporation delivered the crane in a dangerous condition, either knowingly or negligently, and if the Crucible Steel Company did not know its dangerous condition, and as a result the boom fell and injured the plaintiff, the Equipment Corporation would not be entitled to any contribution against the Crucible Steel Company, and there should be no verdict against

that company. We further say to you that if the crane boom fell because it had been negligently assembled, and if its dangerous condition before the fall could not have been discovered by such inspection that the Crucible Steel Company was bound to make, the Crucible Steel Company is not liable to any other party in this case."

█ We believe we sufficiently submitted to the jury the question of negligence, if any, on the part of the Crucible Steel Company. This is not a case in which the condition of the wedge and socket would be disclosed by a reasonable inspection. As we view the case, the defective condition of the wedge and socket could not have been discovered without a disassembly of the equipment and that the Crucible Steel Company was not required to do. It had the right to rely on the fact that the equipment was in proper condition to operate for the purposes for which it was leased. See Trusty v. Patterson, 299 Pa. 469, 149 A. 717; Lambert v. Richards-Kelly Co., 348 Pa. 407, 35 A.2d 76; Sagonowich v. Hachikian, 348 Pa. 313, 35 A.2d 343; Ebbert v. Philadelphia Electric Co., 330 Pa. 257, 198 A. 323.

The second question is whether or not the court should have specifically submitted to the jury the proximate cause of the accident. We believe that our charge sufficiently covered this point and see no error in our charge as to this.

█ The third point raises the question of whether or not we erred in charging the jury that the defendant warranted the crane to be suitable for the purpose the Crucible Steel Company was to use it. We are of the opinion that one who supplies machinery to another warrants the safe and proper assembly of the machine he supplies for the purposes for which it was adapted. See Ebbert v. Philadelphia Electric Co., 330 Pa. 257, 198 A. 323.

█ The fourth point raises the question of whether we erred in not submitting to the jury the question of joint negligence, with instructions that they might return a joint verdict against both defendants. We see no error in our instructions in this regard. There was no action by plaintiff against the Crucible Steel Company. The plaintiff might have amended his complaint to claim damages from that company, but did not do so. We assume he is already collecting from that company under the Workman's Compensation Law, 77 P.S. § 1 et seq., and did not care to make that company a party-defendant.

The form of the verdict in this case is as follows:

"And now, to wit: November 17th, 1943, we the jurors empaneled in the above-entitled case, find on the action of Nick Wujnovich, plaintiff, against Equipment Corporation of America, Defendant, we find a verdict in favor of plaintiff Nick Wujnovich for the amount of $38000.00.

"On the Third-party complaint, Equipment Corporation of America, Third-party Plaintiff against Crucible Steel Company of America, Third-Party Defendant, we find a verdict in favor of Defendant Crucible Steel."

We assume that after this case was removed to the Federal Court, Rule 14 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides (paragraph a): "When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. * * *" was applicable to the further proceedings in this case; but if not and the Pennsylvania rules are to be applied, we arrive at the same result because the rules are alike in substance.

We said to the jury on this subject in our charge:

"The plaintiff in this case, Nick Wujnovich, brought suit against the Equipment Corporation of America to recover damages

for personal injuries which the plaintiff, Nick Wujnovich, alleges that he received during the course of his work or employment at the plant of the Crucible Steel Company when a crane that the Crucible Steel Company had leased from the defendant, Equipment Corporation of America, fell and injured the plaintiff, and the plaintiff alleges that the fall of this crane and the failure of this equipment was due to negligence on the part of the Equipment Corporation in the assembly of this instrumentality. The Equipment Corporation, when it was served with a summons in this case of the complaint, then filed what we call a third-party action, in which it asked that the Crucible Steel Company of America, to whom it had leased this crane, be made what we call a third-party defendant in this suit, alleging and claiming in its third-party complaint that the collapse of this crane which resulted in the injury to the plaintiff, Nick Wujnovich, was the result of negligence on the part of the third-party defendant, the Crucible Steel Company, and that therefore the Crucible Steel Company's responsibility in this case would be either that it would be totally responsible for the injury that the plaintiff received or that it should be partly responsible with the Equipment Company of America. Under those circumstances, the plaintiff, Nick Wujnovich, might have amended his complaint in this case so as to complain against both the defendant, the Equipment Corporation, and the Crucible Steel Company, to whom this equipment had been leased by the Equipment Company of America. That the plaintiff did not do and was under no obligation under the law to do so, but it might have done so. So that, as the case now stands, you have practically two verdicts to render in this case: one, on the original suit of Nick Wujnovich against the Equipment Corporation of America, and the other on the third-party suit or complaint of the Equipment Corporation of America against the Crucible Steel Company,—to determine whether or not there was negligence on the part of the defendant, Equipment Corporation of America, in leasing this equipment to the Crucible Steel Company in a faulty or imperfect condition, and the other whether or not, as between the Equipment Corporation and the Crucible Steel Company, there was any negligence on the part of the Crucible Steel Company that caused or contributed to the injuries which the plaintiff received. Therefore, there will be two verdicts to render in this

case: one, in the original suit of Wujnovich against the Equipment Corporation of America, and the other in the third-party suit between the Equipment Corporation of America and the Crucible Steel Company."

(See also quotation from our charge above quoted on pages 3 and 4 of this opinion with special reference to the third-party complaint).

We believe our charge was adequate, so far as the third-party complaint was concerned. The cases of Rau v. Manko, 341 Pa. 17, 17 A.2d 422; and Maio v. Fahs, 339 Pa. 180, 14 A.2d 105, cited by defendant's counsel, were joint verdicts rendered against original and third-party defendants. In the instant case, the verdict held the original defendant liable, but not the third-party defendant. As we view it, the verdict was in the proper form in which to record the findings of the jury in the instant case.

The fifth question concerns the position of counsel for the Equipment Corporation of America that the court erred in its charge to the jury, and in certain rulings throughout the trial, but does not discuss them in detail.

■ Among the matters pointed out was what the court said to the jury in discussing the main case between plaintiff and defendant, Equipment Corporation of America: "The real issue in the case was whether there was negligence on the part of the Equipment Corporation * * *." There certainly was no over-emphasis as to that issue. We clearly pointed out what the issue was in the main suit, and later told the jury what the issue was as to the third-party complaint. We cannot conceive how the jury could have been prejudiced by that remark.

■ The sixth point raised by defendant is that the argument to the jury by plaintiff's counsel was so inflammatory that the court should have granted defendant's motion to withdraw a juror and continue the case. He referred to counsel's argument as to the present value of a dollar at fifty-nine cents. He told the jury that plaintiff couldn't hear or see, had lost his right arm, had lost the top of his skull.

We cannot find that plaintiffs' counsel made remarks so inflammatory as to require the granting of a new trial in this case.

■ Next, counsel for defendant complains that plaintiff's witnesses, without being qualified as experts, were permitted to

give testimony as to the appropriateness of the wedge and socket that gave way. There is no merit to this contention.

Counsel for defendant also contends that the jury was given evidence irrelevant and immaterial throughout the trial. A careful review of the testimony convinces us that there is no merit to this contention.

The next point raised by the defendant's counsel is that the court erred in submitting to the jury the question of defective eyesight and hearing of plaintiff in the absence of evidence that the same were caused by the accident and that the verdict is excessive. There is no merit to this objection. We believe the evidence was such as to justify the verdict. There was evidence that the boom of the crane broke during the unloading operation; that the plaintiff was knocked to the ground, rendered unconscious; that he was taken to a hospital where his right arm was amputated and an operation performed on his head, whereby a piece of skull as large as a silver dollar was removed; that he lost several teeth; that some ribs were broken; that he had good eyesight before the accident, but afterwards had to be fitted for glasses and wear them; and also that his hearing was good before the accident, but has been weak since.

The motion for a directed verdict in favor of defendant and for a new trial will be denied. An order may be submitted accordingly on notice to defendant's counsel.