Stimac *v.* Barkey, Appellant.

Argued September 26, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Oran W. Panner,* with him *Bradshaw and Panner,* for appellants.

*John D. Ray,* with him *Ray & Good,* for appellees.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 14, 1961:

The refusal of the court below to enter judgment n.o.v. is the subject of this appeal.

On June 15, 1959, at approximately 6:30 a.m., Mary Anne Stimac was operating an automobile, owned by her mother, Mary Stimac, in an easterly direction on Route 251, known as the Black Hawk Road, in Beaver County en route to her place of employment as a nurse at the Rochester General Hospital, Rochester, Pa. Route 251, 22 feet wide, consists of two lanes and the center of the highway is marked with a white line. At the time weather conditions were good and it was daylight. As Miss Stimac proceeded along the highway, she started upgrade and approached an "S" curve at a speed of 35 to 40 miles per hour; as she proceeded into the curve to her left, she observed approaching from the opposite direction an empty flatbed tractor-trailer owned by Harry D. Stewart and operated by Russell L. Barkey. Miss Stimac then entered the curve to her right and, as she was leaving the second curve, a collision occurred between her automobile and the tractor-trailer. The left front portion of the Stimac automobile came in contact with the first of the two rear tires and wheels on the left side of the trailer. As a result of the collision, Miss Stimac was seriously injured and the automobile damaged.

An action in trespass was instituted by Miss Stimac and her mother, Mary Stimac, against Barkey and Stewart in the Court of Common Pleas of Beaver County. After a trial before Judge MORGAN H. SOHN and a jury, the jury returned a verdict of $750 in favor of Mary Stimac for the damage to the automobile and a verdict of $7,000 in favor of Mary Anne Stimac for her personal injuries and expenses. The court below entered judgment on the verdicts and these appeals then were taken.

In considering these appeals we view the testimony in the light most favorable to the verdict winners, resolve all conflicts in the testimony in their favor and give to them the benefit of all facts and inferences from

facts reasonably deducible from the evidence: *Sollinger v. Himchak*, 402 Pa. 232, 236, 166 A. 2d 531; *Linsenmeyer v. Straits*, 402 Pa. 7, 13, 166 A. 2d 18; *Greco v. 7-Up Bottling Co., etc.*, 401 Pa. 434, 440, 165 A. 2d 5; *Kuhns v. Brugger*, 390 Pa. 331, 335, 135 A. 2d 395.

Viewing the testimony in this manner, the record indicates that Miss Stimac first observed Stewart's tractor-trailer as she was proceeding into the curve to her left; that, when her automobile was approximately a car length from the tractor-trailer, she noted that the left front wheels of the tractor were *on* the white center line of the highway; at this time the left front fender of the Stimac automobile was a foot or a foot and a half to the right of the center line and the Stimac automobile was then in its proper eastbound lane. As the vehicles approached each other, Miss Stimac turned her wheels further to the right and had passed successfully the cab of the tractor when the collision took place. Miss Stimac knew that a collision took place but did not know where she collided with the trailer. After the collision the Stimac automobile was partly in the eastbound lane and partly on the berm of the east lane, headed in a southerly direction. Stewart's tractor-trailer was in the west lane and jack-knifed so that the front of the tractor was in the eastbound lane. The vehicles were approximately 72 feet apart.[1] According to Barkey, the tractor-trailer was from 12 to 18 inches to the right of the center line in its own lane, that he blew a horn trying to attract Miss Stimac's at-

---

[1] Appellees' evidence was that the tractor-trailer was proceeding in a westerly direction downgrade approaching a curve to the left at a speed of approximately 40 miles per hour; that Barkey, the driver of the tractor-trailer, observed the Stimac automobile coming east up the hill and that she was in her own eastbound lane; when Miss Stimac's vehicle was approximately 2 car lengths away and still in her own lane, Barkey observed her raise her left hand in front of her face and begin to steer her automobile across the center line and into the westbound lane.

tention, that he turned his vehicle to the right, applied his brakes and that the Stimac automobile successfully passed the cab but collided with the left rear of the trailer.

The mere fact that the two motor vehicles collided and that an accident occurred did not constitute evidence of negligence and the burden was clearly upon Miss Stimac to prove by a fair preponderance of the evidence that the collision arose by reason of negligence on the part of the appellants and that such negligence constituted the proximate cause of this accident: *Dunmore v. McMillan,* 396 Pa. 472, 152 A. 2d 708.

This Court has recently enunciated a test to determine whether a plaintiff in a negligence case has assumed the burden of proof as to negligence. In *Lear v. Shirk's Motor Express Corp.,* 397 Pa. 144, 152 A. 2d 883, we stated: "A plaintiff is entitled to have his case considered by the jury even though he does not show that the *only* reasonable inference is that defendant's negligence was the proximate cause of the accident. It is enough that he produces evidence which may properly be found by the jury to justify *an* inference that the defendant's negligence was the proximate cause of the accident because such evidence outweighs, even though it does not *exclude,* an inference that the defendant was not negligent or that his negligence was not the proximate cause of the accident." (Italics supplied.) See also: *Smith v. Bell Telephone Co. of Penna.,* 397 Pa. 134, 153 A. 2d 477. Our inquiry in the case at bar is to determine whether the instant record contains evidence from which there arises *a* reasonable inference that appellants were negligent and that their negligence was the proximate cause of this accident.

Our reading of this record convinces us that appellees have sustained their burden of proof. Read in the light most favorable to appellees, the record indicates that when the two motor vehicles were a car length

apart, the left wheels of the tractor-trailer were *on* the white line marking the center of the highway and that at that time Miss Stimac, whose car at that time was a foot or a foot and a half to the right of the center line and in its proper eastbound lane, turned her automobile to the right to allow even more space to intervene between the passing vehicles. A reasonable inference arises, therefore, that the collision which ensued was the result of the trailer intruding upon the eastbound lane in the path of the Stimac automobile.

Appellants urge that Miss Stimac's testimony was purely negative and was overcome by the positive testimony of Barkey, relying in this respect on *Burd v. Pennsylvania R. R. Co.*, 401 Pa. 284, 164 A. 2d 324. *Burd* is clearly distinguishable from the instant situation. Miss Stimac's testimony was not negative and was not of such qualitative value as to be overcome under our decisional law by the testimony of Barkey.

The evidence produced by appellees sufficiently described, pictured and visualized what actually happened at the time of this accident to enable the jury reasonably to conclude that the accident arose from the negligence of appellants and that their negligence was the proximate cause of this accident. The verdicts arrived at were not based on speculation or conjecture but upon a reasonable inference arising from the evidence that the impact between the two motor vehicles resulted from the appellants' fault.[2]

. Judgments affirmed.

Mr. Chief Justice BELL and Mr. Justice COHEN dissent.

---

[2] Although appellees in their brief argue that the court below committed no error in refusing appellants' motion for a new trial, our examination of this record indicates that the only question raised on these appeals concerns the refusal of judgment n.o.v. and not the refusal of a new trial.