Pastuszek, Appellant, *v.* Murphy Plywood Corp.

Argued March 19, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, SPAULDING, and CERCONE, JJ. (HOFFMAN, J., absent).

*Michael M. Goss,* with him *Weinstein & Bobrin,* for appellant.

*Albert L. Bricklin, Roger S. Wolfe, David J. Griffith* and *Edward B. Joseph,* with them *E. Dyson Herting, Bennett, Bricklin & Salitzburg, Liebert, Harvey, Herting, Short & Lavin,* and *Kaliner and Joseph,* for appellees.

Opinion by Watkins, J., June 22, 1971:

This is an appeal from an order dismissing appellant's motion for a new trial in a negligence suit involving four defendants. Appellant, *Harry Pastuszek, Sr.*, had come to the warehouse owned by appellee, Tacony Industrial Storage Company (Tacony) and leased in different sections by the other appellees. Appellant was invited by appellee, Murphy Plywood Company, to inspect plywood. After appellee had taken appellant to the plywood, Murphy's officer, Mr. Murphy, then announced that he had to answer the telephone. He advised appellant to continue to inspect and count the plywood. While Pastuszek was engaged in the counting of the plywood, he fell into a manhole which was not securely covered, and its location half lit. The manhole was located in the aisleway between the plywood storage area leased by appellee Murphy and that area leased by appellee Del-Penn Steel Company, a/k/a Kaplan Metals Company. At the time of his fall Pastuszek contends that he was engaged in the counting and inspecting of the plywood which he was going to buy from Murphy. He alleges that he did not see the covered manhole until after he fell into it.

At trial, appellant gave evidence to the above. At the close of his testimony, the appellee first moved for a compulsory nonsuit, and when the trial judge recommended it, a directed verdict. The motion for a directed verdict was granted. This appeal followed.

The court below based its action upon two findings: (1) that a *prima facie* case of negligence had not been made out by plaintiff, and (2) even if it had, the plaintiff was contributorily negligent as a matter of law. We disagree.

The appellees contend that the plaintiff did not make out a *prima facie* case. The requirements for a *prima facie* case in negligence is to prove that one or more of

the defendants had a duty to the plaintiff and that a breach of such duty was the proximate cause of the plaintiff's injury. When a defect to real estate is involved, in order to show breach, one must show that defendant had notice of such defect.

In order to have a case go to the jury, one must at least show a *prima facie* case. The burden of proof required to show a *prima facie* case is that, if the facts are taken in a light most favorable to the party advancing the argument, the question is at least such that reasonable men could differ as to result. In order to show a *prima facie* case, it is not necessary to prove that the facts alleged are exclusively in favor of negligence but only that negligence is a possible inference. *Stimac v. Barkey,* 405 Pa. 253, 174 A. 2d 868 (1961). In *Stimac,* supra, the Supreme Court quoted from the opinion of *Lear v. Shirk's Motor Express Corp.,* 397 Pa. 144, 152 A. 2d 883 (1959) at page 257, which summarizes well the criterion for evidence required to have a *prima facie* case: "A plaintiff is entitled to have his case considered by the jury even though he does not show that the *only* reasonable inference is that defendant's negligence was the proximate cause of the accident. It is enough that he produces evidence which may properly be found by the jury to justify *an* inference that the defendant's negligence was the proximate cause of the accident because such evidence outweighs, even though it does not *exclude,* an inference that the defendant was not negligent or that his negligence was not the proximate cause of the accident. (Emphasis supplied)."

Determining the questions of fact is, of course, for the jury and a case should go to the jury unless reasonable men cannot differ on the question. *Cardone v. Sheldon Hotel Corporation,* 160 Pa. Superior Ct. 193, 50 A. 2d 173 (1947). As it was put in *Johnson v.*

*Rulon et al.,* 363 Pa. 585, 586, 70 A. 2d 325 (1950), ". . . It is only in a clear case, concerning whose facts the minds of reasonable men cannot honestly differ, that the entry of a compulsory nonsuit is ever justified."

In the instant case the *prima facie* case would rest upon two elements: (1) showing a duty on the part of one or all the appellees toward the appellant, and (2) showing that that duty was breached. Notice of the defect in the manhole is required to show the breach. A high degree of duty is owed by a business to its invitees. "(He) owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors, such as plaintiff, and of giving warning of any failure to maintain them in that condition." *Johnson v. Rulon,* supra, citing *Kulka v. Nemirovsky,* 314 Pa. 134, 139, 170 A. 261 (1934). *Johnson v. Rulon,* supra, held that the mere existence of a trap door on a business premises to be sufficient notice of a possible defect to go to the jury. See also, *Hallbauer v. Zarfoss et al.,* 191 Pa. Superior Ct. 171, 156 A. 2d 542 (1959).

It is at least an inference that, in the light of the above, the appellees owed a duty to the plaintiff to protect him from an improperly secured manhole by virtue of his being a business invitee. As to the breach and notice, it may be inferred to flow from the happening of the accident. While the facts may also be coincident with the accident or as well as with negligence, this is a question for the jury. *Stimac v. Barkey,* supra. As to notice, the appellees had at least constructive notice of the defect. *Johnson v. Rulon,* supra, which held as stated that the mere existence of such a potential hazard or a trap door or manhole to be sufficient notice—either constructive or actual.

Finally, the Court below held the appellant to be contributorily negligent as a matter of law because he

did not keep a lookout. As was stated above, appellant was a business invitee. The degree of care required by him is lower than if he were on a public sidewalk. *Hallbauer v. Zarfoss,* supra. In the instant case the appellant's attention was legitimately on the plywood which he was inspecting. He had no reason to suspect that he was in danger of falling through a defectively covered manhole. Thus, it cannot be held as a matter of law that the appellant was contributorily negligent. This case is very similar to *Johnson v. Rulon,* supra, where the Supreme Court held that a plaintiff who did not see an *open* trap door could not be held to be contributorily negligent as a matter of law. In *Hallbauer v. Zarfoss,* supra, this Court held that a business invitee who fell into a partially obscured stairway while inspecting merchandise could not be held contributorily negligent as a matter of law.

Thus, it can be seen that at least an inference that one or more of the appellees were guilty of negligence. The evidence does not disclose which of the appellees, if any, it was, but negligence is a reasonable inference. Appellees should have been required to come forward with their evidence. The case should not have been taken from the jury. As to the appellant's contributory negligence, that is a matter for the jury after full evidence is given. The jury is the finder of fact.

Order reversed and a new trial is granted.