361 A.2d 643

Lou Ellis EVANS, Appellant,

v.

GOLDFINE TRUCK RENTAL SERVICE CO., INC., a
Pennsylvania Corporation, et al., Defendants,

and

Frankford Paper Box Company and Arthur
Lester, Additional Defendants.

Superior Court of Pennsylvania.

June 28, 1976.

330

332

---

Pershing N. Calabro, Philadelphia, for appellant.

Francis E. Marshall, Philadelphia, for appellees.

Before WATKINS, President Judge, and JACOBS, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from the denial of motions to remove directed verdicts and for a new trial.

On March 2, 1967, appellant was injured while loading corrugated cardboard into a trailer owned by his em-

ployer, Frankford Paper Box Company (Frankford). Appellant and a co-worker, Holman Jefferson, were standing at the back of the trailer, preparing to remove a metal plate that had been laid across the space between the loading platform and the rear of the trailer. Unknown to either man, additional defendant Arthur Lester, also a co-worker of appellant, had hooked up a tractor to the trailer. As Lester started to pull the trailer away from the loading dock, appellant and Jefferson were thrown out of the trailer, appellant falling into the pit in front of the loading platform. As appellant attempted to scramble out of the pit, the tractor-trailer rolled back, pinning his legs and resulting in serious injury.

Appellant brought an action in trespass against Goldfine Truck Rental Service Co., Inc. (Goldfine), and Leonard and Anna Goldfine as owners and lessors of the tractor. Goldfine joined appellant's employer, Frankford, and the driver of the tractor, Lester, as additional defendants.

The matter was tried before a jury. The court directed a verdict in favor of each of the defendants and additional defendants. On January 14, 1975, following oral argument, appellant's post-trial motions were denied. This appeal followed.

I

It is well established that the party opposing the motion for a directed verdict is entitled to the benefit of all evidence favorable to him, and all reasonable inferences therefrom. *McElhinny v. Iliff*, 436 Pa. 506, 512, 260 A.2d 739, 741 (1970). "On a motion for a directed verdict, the facts must be considered in the light most favorable to the party against whom the motion is made. . . . '[T]he court must accept as true all the evidence of that party which supports his contention . . . and must reject all the adverse testimony of the party seeking a directed verdict.'" *Continental Super-*

*market Food Service, Inc. v. Soboski*, 210 Pa.Super. 304, 309, 232 A.2d 216, 219 (1967) (citation omitted).

 Viewing the evidence in the manner required, we agree with appellant that, contrary to the lower court's conclusion, there was evidence that Lester applied the tractor's brakes, and that despite this the tractor-trailer rolled back.[1] We also agree with appellant that a jury could reasonably infer from this evidence that there was some sort of defect in the tractor's brake system. It does not follow, however, that this evidence is sufficient to make out a *prima facie* case of negligence, as required before a matter may be submitted to the jury. *Pastusek v. Murphy Plywood Corp.*, 219 Pa.Super. 59, 62, 280 A. 2d 644, 645 (1971).

 To establish a *prima facie* case of negligence, the plaintiff must offer evidence that the defendant owed a duty to the plaintiff and that a breach of that duty was the proximate cause of the plaintiff's injury. *Pastusek v. Murphy Plywood Corp.*, *supra* at 61–62, 280 A.2d at 645.[2] Since the question of whether a breach has been

1. In view of our conclusion that appellant nevertheless failed to make out a *prima facie* case, we find it unnecessary to review the lower court's analysis of the evidence on this point.

2. "The burden of proof required to show a *prima facie* case is that, if the facts are taken in a light most favorable to the party advancing the argument, the question is at least such that reasonable men could differ as to result. In order to show a *prima facie* case, it is not necessary to prove that the facts alleged are exclusively in favor of negligence but only that negligence is a possible inference. *Stimac v. Barkey*, 405 Pa. 253, 174 A.2d 868 (1961). In *Stimac, supra,* the Supreme Court quoted from the opinion of *Lear v. Shirk's Motor Express Corp.*, 397 Pa. 144, 152 A.2d 883 (1959), 405 Pa. at page 257, 174 A.2d 868, which summarizes well the criterion for evidence required to have a *prima facie* case:

"'A plaintiff is entitled to have his case considered by the jury even though he does not show that the *only* reasonable inference is that defendant's negligence was the proximate cause of the accident. It is enough that he produces evidence which may properly be found by the jury to justify *an* inference that the defendant's negligence was the proximate cause of the accident because such evidence outweighs, even though it does not *exclude*, an inference that the defendant was not negligent or that his negli-

shown turns on the way in which Goldfine's duty is defined, and since we do not agree with appellant's definition, we must examine both requirements of appellant's *prima facie* case.

Appellant maintains that either under the lease agreement between Goldfine and Frankford, or under the common law as to lessors and owners of motor vehicles, Goldfine had an "absolute" duty to keep the tractor in good repair and to exercise preventive maintenance by proper inspection and service. Brief for Appellant at 6. Although we agree with appellant that under either theory Goldfine owed appellant a duty, the duty was not "absolute", and there was no evidence from which a jury could find a breach of it.

—A—

Goldfine's Duty Under the Lease

In *Evans v. Otis Elevator*, 403 Pa. 13, 168 A.2d 573 (1961), the Supreme Court stated that ". . . a party to a contract by the very nature of his contractual undertaking may place himself in such a position that the law will impose upon him a duty to perform his contractual undertaking in such a manner that third persons— strangers to the contract—will not be injured thereby." *Id.* at 18, 168 A.2d at 575. Measuring the orbit of the duty by the nature and scope of the contractual undertaking, the Court held that where a party undertook to inspect an elevator at regular intervals and where the elevator was in a dangerous or defective condition discoverable by reasonable inspection, the party would without regard to privity of contract be liable to third persons who were injured by the failure to perform the contractual undertaking. *Id.* at 19, 168 A.2d at 575–76.

gence was not the proximate cause of the accident. (Italics supplied).' " *Pastusek v. Murphy Plywood Corp., supra* at 62, 280 A.2d at 645–46.

In the present case, Goldfine had contracted to maintain the leased tractor in "good repair" and to complete repairs within a reasonable time. The lease agreement prohibited Frankford or its drivers from making repairs or adjustments except as it might be necessary to substitute spare tires away from Goldfine's station. Frankford was to have its drivers notify Goldfine of all trouble immediately. Goldfine testified that it inspected its leased tractors twice a year in accordance with State regulations and on a mileage and time basis. Thus, applying the rule enunciated in *Evans v. Otis Elevator, supra,* the nature and scope of Goldfine's contractual undertaking created a duty to protect third persons, such as appellant, from injury resulting from defective or dangerous conditions discoverable by reasonable inspection. To show a breach of this duty, and hence a *prima facie* case, it was therefore essential that appellant show not only that there was a defective or dangerous condition, but that it was discoverable by reasonable inspection.[3] As mentioned above, the jury could infer that a defective condition existed in the brake system from the fact that the tractor-trailer rolled back.

3. In *Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 153 A.2d 477 (1959), it is stated:

We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based. . . . Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by the plaintiff, and not that that conclusion must be the *only* one which logically can be reached. It is not necessary under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. . . . The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant.
*Id.* at 138–39, 153 A.2d at 479–80 (emphasis in original).

However, appellant never proved either what this defective condition was or whether it was discoverable by reasonable inspection.

Appellant tried to prove that the brake failure was caused by an oil leak to the brake system or, alternatively, by a defective air compressor.

With regard to the purported oil leak, appellant's evidence indicated that a tractor identified as "tractor 207" was in Goldfine's shop on March 10 for repairs. A repair order made at that time contained the notation, "oil leaking from motor to brake system." The signature on this order was never identified, although Goldfine testified that he knew it was not that of anyone in his firm. Goldfine denied that any repairs relating to an oil leak to the brake system were made, and there was no further evidence of an oil leak to the brake system.

Appellant's expert testified to the effect of oil on the brake linings. However, there was never any evidence that there was oil on the linings.

Goldfine also testified that the air compressor on tractor 207 was replaced at this time. Appellant's expert stated that a tractor's "air-assist" would be needed to hold a similar vehicle from rolling back. There is no evidence, however, that the replaced air compressor was in any way defective, and nothing to explain the replacement; the fact of replacement alone is not evidence of a defect.

Even if the evidence could be said to prove what the defect in the brake system was, still it only proved that the defect existed on March 10—eight days after March 2, when the accident occurred. The lower court refused to consider this evidence as evidence of a defect on March 2 on the ground that there was no evidence of the condition or whereabouts of the tractor between the date of the accident and the date of the repairs, and no evidence of the tractor's mileage on either date.

Numerous cases state the rule that "[w]henever the condition of a particular place or thing at a certain time is in question, evidence of its condition at a prior or subsequent time is inadmissible, unless there is accompanying proof that it had not changed in the meantime." *See, e. g., Murray v. Siegal*, 413 Pa. 23, 195 A.2d 790 (1963); *Topelski v. Universal South Side Autos, Inc.*, 407 Pa. 339, 180 A.2d 414 (1962). Our Supreme Court has noted, however, that this additional proof is not essential to every offer of evidence of prior or subsequent condition. "[T]he exclusion or admission of such evidence is a matter of relevance and, therefore, the circumstances of each case must be considered." *Brandon v. Peoples Natural Gas Co.*, 417 Pa. 128, 133, 207 A.2d 843, 846 (1965). "[W]hether or not the relevancy of the proposed testimony has been adequately established is a matter to be left largely to the discretion of the trial judge." *Abbott v. Steel City Piping Co.*, 437 Pa. 412, 419, 263 A.2d 881, 884 (1970).

 The question is, therefore, whether the lower court abused its discretion in deciding that the evidence of the condition of the tractor repaired on March 10 was, without additional proof of relevancy, inadmissible to show the condition of the tractor involved in the accident on March 2.

The evidence reveals little about tractor 207 or its use except that it was a 1965 Ford tractor, 50,000 pounds gross vehicle weight, and was owned by Goldfine and leased to Frankford. Goldfine characterized it as one of "these big tractors that are over the road." Appellant testified that when he was working for Frankford, he sometimes drove a tractor 14 hours a day. As the lower court noted, there was no evidence of the whereabouts or use of the tractor from March 2 to March 10, nor any evidence of its mileage on either date. It is possible that between March 2 and March 10 tractor 207 was driven a considerable distance, was misused, or was involved in

another accident. It is also possible that, with or without such use, the tractor's age, use since manufacture, and general condition could have given rise to a need to replace the air compressor on a date after March 2.

In light of the above, it was not an abuse of discretion on the part of the lower court to conclude that additional proof of the relevancy of the condition of tractor 207 on March 10 was required, and that lacking such additional proof, the evidence should not be considered in ruling on the motions for directed verdict.[4]

Furthermore, even if we were to conclude that the lower court should have considered the evidence of the condition of tractor 207 on March 10 as evidence of its condition on March 2, it is not at all clear that tractor 207 was the tractor involved in the accident on March 2. Goldfine acknowledged only that he owned and was familiar with tractor 207, and that upon learning of appellant's suit he had the records on the tractor compiled. Tractor 207 was one of two tractors that Goldfine leased to Frankford, and there is nothing to indicate that this procedure was not followed for each.

Finally, there is nothing to show that the defect was discoverable by reasonable inspection. No doubt some defects would be obvious. That cannot be said here, however, where the exact nature of the defect was never shown.

4. Appellant's contention that the burden of proof was on Goldfine to show that intervening factors caused the defect of March 10 is without merit. The law is that the evidence of condition at a prior or subsequent time must be *accompanied* by proof that the condition *has not changed*. *Murray v. Siegal, supra; Topelski v. Universal South Side Autos, Inc., supra.* Although *Brandon v. Peoples Natural Gas Co., supra,* indicated that this additional evidence may not be required in every case, there is no basis for assuming that where it is required, the burden falls on other than the party offering the evidence of prior or subsequent condition. As the lower court has adequately shown in its opinion, the cases cited by appellant simply do not support his contention. *Clark v. Brockway Motor Trucks,* 372 F.Supp. 1342 (E.D.Pa.1974); *Topelski v. Universal South Side Autos, Inc., supra.*

—B—

### Goldfine's Duty as Lessor and Owner of the Tractor

Lessors and owners of motor vehicles may be liable for personal injuries suffered by third parties because of defects in the vehicles. *Delair v. McAdoo,* 324 Pa. 392, 188 A. 181 (1936) (liability of owner and driver); *Trusty v. Patterson,* 299 Pa. 469, 149 A. 717 (1930) (liability of bailor); 14 Bashfield, Automobile Law & Practice §§ 476.43 & 477.1 (3d ed. 1969). However, their duty is limited to defects known or discoverable by reasonable inspection. *Delair v. McAdoo, supra; Trusty v. Patterson, supra.* Here, as noted above, there is no evidence that Goldfine knew of a defect in the brakes before the accident, or of what the defect was, or whether the defect was discoverable upon reasonable inspection.

## II

Appellant contends that even if he did fail to make out a *prima facie* case, so that the directed verdicts were proper, still he should be granted a new trial. If the case turns on the need for evidence of what use the tractor underwent in the eight days from the date of the accident until the date of repairs, it was, appellant maintains, the testimony of Lester as the defendant-driver that was needed. Appellant was unable to present Lester before the jury, however, because Lester defied a bench warrant issued by the trial judge. (Lester did appear after the case had gone to the jury, and the judge fined him $50.)

We find appellant's contention without merit on the present record. When it was apparent that Lester would not appear, appellant used parts of his deposition. There is nothing of record to indicate that appellant at any time

sought a continuance on the ground that the deposition was inadequate for his purposes. Therefore the denial of the motion for a new trial was proper. *Commonwealth ex rel. Arbitman v. Arbitman*, 161 Pa.Super. 529, 55 A.2d 586 (1947). Furthermore, the tractor was leased to appellant's employer, Frankford, and not to Lester. There is nothing in the record to support appellant's contention that Lester was the only one who knew what use had been made of the truck during the eight days.

For the above reasons, the lower court's order denying the motions to remove the directed verdicts and for a new trial is affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.

CERCONE, J., concurs in the result.