## Andris v. Bailey

*Paul J. Bartolomeo,* for plaintiffs.
*William T. MacMinn,* for defendants.

GARB, *J.,* August 29, 1980—Defendants have filed a motion for summary judgment against plaintiff Hideaway Farms, Inc. Summary judgment will be granted.

This is a suit in trespass in which plaintiff Charles J. Andris was allegedly physically injured as a result of a motor vehicle accident for which defendants are allegedly at fault. The complaint avers that at the time of the accident Andris was a stockholder and principal operating officer of plaintiff Hideaway Farms, Inc., a corporation, and that as a result of the various injuries suffered by Andris the corporation suffered business reverses and losses because of Andris' inability to perform his role as principal executive officer. It is on this basis that Hideaway Farms, Inc. seeks to recover in this lawsuit. Defendants contend that on this basis plaintiff Hideaway Farms, Inc. has no cause of action and therefore summary judgment should be granted.

Defendants contend that Hideaway Farms, Inc. has failed to state a cause of action because there is no right to recover under the general body of negligence law and also because recovery would be barred by the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq. We are satisfied that the claim of plaintiff Hideaway Farms, Inc. does not fall within any recognized scope of recovery under the general body of negligence law in Pennsylvania.

In Dahlstrom v. Shrum, 368 Pa. 423, 84 A. 2d 289 (1951), it was stated that negligence is the absence of due care under the circumstances. The test of negligence is whether the wrongdoer could have anticipated and foreseen the likelihood of harm to the injured person resulting from his act. The orbit of the danger as disclosed to the eye of reasonable vigilance constitutes the orbit of the duty. The risk reasonably to be perceived defines the duty to be obeyed and risk imports relation. It is risk to another or to others within a range of apprehension.

Therefore, the element of foreseeability is the touchstone of the determination of whether or not there has been negligent conduct. This element of foreseeability which is a sine qua non to negligence has often been confused with the element of proximate cause. It was stated in Irwin Savings & Trust Co. v. Pennsylvania Railroad, 349 Pa. 278, 37 A. 2d 432 (1944), that there must be a reasonable foreseeability of harm between the negligent act and the harm to the plaintiff. In Whitner v. Lojeski, 437 Pa. 448, 263 A. 2d 889 (1970), the court noted that foreseeability has often mistakenly been applied as an element of proximate cause rather than an element of negligence only.

In Brusis v. Henkels, 376 Pa. 226, 102 A. 2d 146 (1954), it was stated that negligence is the absence of care under the circumstances and that the test of negligence is whether the wrongdoer could have anticipated and foreseen the likelihood of harm to the injured person resulting from his act. The orbit of the danger as disclosed to the eye of reasonable vigilence is the orbit of duty. Conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented: Brusis v. Henkels, supra. As stated in Tua v. Brentwood Motorcoach Co., 371 Pa. 570, 92 A. 2d 209 (1952), want of ordinary care consists in failure to anticipate what is reasonably probable and not what is remotely possible. If the actor's conduct is a substantial factor in bringing about the harm to another the fact that he neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable: Vereb v. Markowitz, 379 Pa. 344, 108 A. 2d 774 (1954).

A defendant can properly be held liable only with

respect to those harms which proceeded from a risk or hazard to foreseeability of which renders his conduct negligent: Metts v. Griglak, 438 Pa. 392, 264 A. 2d 684 (1970). Conduct is negligent because it tends to subject the interests of another to an unreasonable risk of harm. Such a risk may be made up of a number of different hazards, which frequently are of a more or less definite character, and where the harm which in fact results is caused by the intervention of factors or forces which form no part of the recognizable risk involved in the actor's conduct, the actor is ordinarily not liable: Noon v. Knavel, 234 Pa. Superior Ct. 198, 339 A. 2d 545 (1975). Foreseeability, therefore, is the touchstone of negligence: Fredericks v. Castora, 241 Pa. Superior Ct. 211, 360 A. 2d 696 (1976), and Evans v. Goldfine Truck Rental Service, 241 Pa. Superior Ct. 329, 361 A. 2d 643 (1976). Ordinarily there is no cause of action in one person for negligent injuries inflicted upon another unless the injuries inflicted upon plaintiff are reasonably foreseeable to the actor in inflicting the injuries on the third party: Sherman v. Heitz, 18 Bucks 537 (1968).

As set forth in the last cited case, as a general proposition of law there is no natural right in one person to damages for injuries inflicted upon another: Neuberg v. Bobowicz, 401 Pa. 146, 162 A. 2d 662 (1960); Donoghue v. Consolidated Traction Company, 201 Pa. 181, 50 Atl. 952 (1902). Therefore, there is no cause of action, ipso facto, in an individual for injuries inflicted upon another under contract in some way to the person claiming damages: Robins Drydock and Repair Co. v. George Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). There is no cause of action in an individual

for lost earnings for negligently created fire damage to his place of employment: Stevenson v. East Ohio Gas Company 73 N.E. 2d 200 (Ohio 1946). Generally speaking, and of direct relevance hereto, there is no cause of action in an employer for a loss of services of an employe negligently injured: Wahrhaftig v. The Space Design Group, Inc., 28 A.D. 2d 940, 281 N.Y.S. 2d 500 (1967).* While concededly there are various exceptions to the general rule barring vicarious recovery for negligent conduct, i.e., rights of consortium, Bedillion v. Frazee, 408 Pa. 281, 183 A. 2d 341 (1962), parents right to recover for loss of services of a negligently injured minor child, Schmidt v. Kratzer 402 Pa. 630, 168 A. 2d 585 (1961), and right of children to recover for the death of a parent under the Act of April 1, 1937, P.L. 196, 12 P.S. §1602; Gaydos v. Domabyl, 301 Pa. 523, 152 Atl. 549 (1930), we fail to find that the cause of action asserted by plaintiff Hideaway Farms, Inc. to be one of the recognized exceptions to the general rule. Therefore, by application of the foregoing principles we are satisfied that on this record plaintiff Hideaway Farms, Inc. has failed to state sufficient facts upon which it can recover damages.

Secondly, we are satisfied that the No-fault Act, supra, does in fact bar recovery. Section 301 sets forth the basic general principles from which the application of the act proceeds where it states that

*Jones v. Waterman, S.S. Corp., 155 F. 2d 992 (3d Cir. 1946), asserts baldly and without citation that it is the law of Pennsylvania that an employer can recover for the loss of services of an employe who is the victim of the tortious act of another. However, this statement is completely unsupported by any Pennsylvania decisions in this opinion and we have been unable to find any other authority supporting this proposition.

"tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this Act if such injury arises out of the maintenance or use of a motor vehicle. . . ." There follow exceptions to that general proposition. Nowhere in the act is an exception to be found which would support the cause of action asserted by plaintiff Hideaway Farms, Inc. herein.

For the foregoing reasons we are satisfied that defendants' motion for summary judgment against plaintiff Hideaway Farms, Inc. should be sustained.

### ORDER

And now, August 29, 1980, it is hereby ordered, directed and decreed that summary judgment be entered in favor of defendants and against plaintiff Hideaway Farms, Inc.