Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission *v.* Purolator Courier Corp., Purolator Security, Inc., and Brink's, Inc., Appellants. Lincoln Transport, Inc., Intervening Appellee.

302

Argued February 4, 1976, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*James W. Patterson,* with him, of counsel, *Harper, George, Buchanan & Driver,* for appellants.

*William T. Hawke,* Assistant Counsel, with him *Edward J. Morris,* Counsel, for appellee.

*Arthur J. Diskin,* for intervening appellee.

OPINION BY JUDGE MENCER, April 8, 1976:

Since August 8, 1972, Lincoln Transport, Inc. (Lincoln) has been authorized under a certificate of public convenience issued by the Pennsylvania Public Utility Commission (PUC) "to transport, as a Class D carrier, monies, securities, books of account, bank statements, checks, drafts, security instruments, and other valuables from the Three Rivers Bank & Trust Company located in the Borough of Jefferson, Allegheny County, to its customers in the counties of Allegheny, Butler, Beaver, Washington and Westmoreland, and vice versa." On February 4, 1975, Lincoln applied for a modification and amendment of its certificate of public convenience which would allow it "to transport, as a common carrier, monies, securities, books of account, bank statements, checks, drafts, security instruments, and other valuables between points in the counties of Allegheny, Butler, Beaver, Washington, Westmoreland, Fayette and Armstrong." The PUC, after reviewing testimony from five hearings held between March and October of 1974, issued a "short-form" order granting the expansion of authority requested. At those hearings, Purolator Courier Corp., Brinks, Incorporated, and Purolator Security, Inc. (appellants) protested the issuance of an expanded certificate to Lincoln and pursued their protest on appeal to this Court. The PUC adopted its "long-form" order on

October 1, 1975, in which it stated its findings of fact and conclusions of law in support of its extension of Lincoln's authority.

A comparison of Lincoln's original and amended certificates reveals that the net effect of the modification is to allow Lincoln to operate in two additional counties, Fayette and Armstrong, and, more importantly, to dispense with the necessity of beginning and ending each trip at the Three Rivers Bank. In short, the PUC permitted Lincoln to "cross-haul" the specified commodities throughout seven counties of Western Pennsylvania.

All parties correctly recognize that the PUC, in considering an application for enlargement of operating privileges, has the duty, under Section 203 of the Public Utility Law[1] to determine whether "the granting of such certificate is necessary *or* proper for the service, accommodation, convenience, or safety of the public. . . ." (Emphasis added.) The applicant, of course, has the burden of proving the need for the proposed service, the inadequacy of existing service, and its capacity to meet the public need. *Byerly v. Pennsylvania Public Utility Commission*, 440 Pa. 521, 270 A.2d 186 (1970); *Dutchland Tours, Inc. v. Pennsylvania Public Utility Commission*, 19 Pa. Commonwealth Ct. 1, 337 A.2d 922 (1975). In order to establish need, it is not necessary to prove an absolute necessity or present demand for the service in every part of the territory involved. The applicant must establish to the satisfaction of the PUC only that such service is reasonably necessary for the accommodation and convenience of the public. *Carl R. Bieber, Inc. v. Pennsylvania Public Utility Commission*, 3 Pa. Commonwealth Ct. 236, 281 A.2d 351 (1971); *McNaughton Bros., Inc. v. Pennsylvania Public Utility Commission*, 2 Pa. Commonwealth Ct. 319, 278 A.2d 186 (1971).

---

1. Act of May 28, 1937, P. L. 1053, *as amended,* 66 P.S. §1123.

Appellants contend that the evidence presented by Lincoln at the five hearings could not support the grant of increased authority made by the PUC. They contend, first, that there is no substantial evidence to support the grant to appellants of the right to carry "monies" between points in the seven counties. Secondly, appellants aver that the so-called "request testimony" indicating public need was not competent because it did not evidence actual demands for Lincoln's service made by potential customers. We find no merit in either contention.

Under Section 1107 of the Public Utility Law, 66 P.S. §1437, we may not disturb an order of the PUC absent a violation of constitutional rights, an error of law, or a lack of substantial evidence to support necessary findings of fact. *Seiferd v. Pennsylvania Public Utility Commission,* 12 Pa. Commonwealth Ct. 85, 315 A.2d 320 (1974). Substantial evidence is such relevant and competent evidence having a rational probative force as a reasonable mind might accept as adequate to support a conclusion. *Dutchland Tours, supra.*

Lincoln presented, through its vice-president, testimony indicating that 19 persons had requested Lincoln's services for their firms located throughout the seven counties in question. In addition, 11 representatives of supporting shippers, including some of those named as requesting Lincoln's services, testified and were subjected to vigorous cross-examination. These witnesses testified that they would use Lincoln's services and that they desired to use a common carrier rather than a contract carrier for their needs.[2] They also stated that they had never been solicited by appellants for their patronage. Four supporting shippers testified that they would need cash, coin or currency delivered between points in the area in question. Several witnesses noted the necessity of shipping valuable papers, payroll checks, and data

---

2. At this time appellants were contract carriers.

processing material on a daily or weekly basis. In sum, our review of the record reveals ample evidence to support the Commission's findings and the order based on those findings.

Appellants have attempted to distinguish the "request testimony" in this case from that traditionally presented by stating that the only true "requests" are demands for immediate service rather than discussions, as in this case, about future, long-term service. Such a distinction is, we feel, irrelevant. While need for additional service and inadequacy of existing service have been traditionally established by proof of requests for the proposed service,[3] our Supreme Court has noted that "[n]o particular type of evidence is required; the only requirement is that the *evidence as a whole* be legally sufficient to support the order of the [PUC]. Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission, supra, 170 Pa. Superior Ct. 411, 420, 85 A.2d 646." *D. F. Bast, Inc. v. Pennsylvania Public Utility Commission,* 397 Pa. 246, 250, 154 A.2d 505, 507-08 (1959) (emphasis added).

The PUC found appellants' attempts to rebut Lincoln's evidence of need unpersuasive. Where a conflict in need testimony exists, it is for the PUC to resolve and the court will not reweigh the evidence. *Johnstown-Pittsburgh Express, Inc. v. Pennsylvania Public Utility Commission,* 5 Pa. Commonwealth Ct. 521, 291 A.2d 545 (1972). We conclude that there is, on this record as a whole, substantial evidence to support the PUC's grant of expanded authority to Lincoln.

We do not believe the legislature, in enacting the Public Utility Law, intended to benefit established carriers by erecting artificial barriers to the entry of new competitors. It is, rather, the public interest and convenience which the law seeks to protect. The amount of com-

---

3. *See Tranter v. Pennsylvania Public Utility Commission,* 4 Pa. Commonwealth Ct. 585, 288 A. 2d 837 (1972).

petition which will best serve that interest is a matter within the discretion of the PUC. *Merz White Way Tours v. Pennsylvania Public Utility Commission,* 204 Pa. Superior Ct. 43, 201 A.2d 446 (1964) ; *New Kensington City Lines, Inc. v. Pennsylvania Public Utility Commission,* 200 Pa. Superior Ct. 490, 190 A.2d 179 (1963).

Accordingly, we enter the following

#### ORDER

NOW, this 8th day of April, 1976, the order of the Pennsylvania Public Utility Commission in the above case is hereby affirmed.