Philadelphia Suburban Water Company, Petitioner *v.* Norman and Harriet Feinstein and Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Respondents.

Argued March 1, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*William E. Zeiter,* with him *Allen W. Stewart,* and, of counsel, *Morgan, Lewis & Bockius,* for petitioner.

*Paul E. Russell,* Assistant Counsel, with him *Shirley Rae Don,* Assistant Counsel, *Kathleen Herzog Larkin,* First Assistant Counsel, and *Barnett Satinsky,* Chief Counsel, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 3, 1978:

This matter is before the Court on a Petition for Review from an order of the Pennsylvania Public Utility Commission (PUC). The issue is the accuracy of the water bill submitted by Philadelphia Suburban Water Company (Company) to Norman and Harriet Feinstein, complainants before the PUC, for the period from June 1973, through May 1974. Complainants based their case before the PUC on a showing that the meter registered a water consumption of 130,000 gallons beyond that which could be accounted for on the premises. They testified further that after that period, and without changes in use on the premises, the bills returned to "normal" levels.

The Company presented testimony which is undisputed that the meter in use on the premises tested well within the permissible tolerances. An inspection of the premises showed high water levels in three

toilet tanks and two of the toilets leaking into the overflow. During the period in question complainants had installed a concrete and plaster inground swimming pool. Complainants estimated that the new pool could have accounted for some 20,000 to 30,000 gallons which was taken into account in arriving at the 130,000 gallons. They had claimed originally that they were charged for 145,000 to 160,000 gallons in excess of their use. Complainants' entire case in accounting for the excessive bill is based on the speculation that the meter could have malfunctioned during this period, but was functioning properly when tested.

The PUC resolved the issue of the mysterious disappearance of the water on the complainants' premises and the possibly malfunctioning meter by entering the following order.

2. That the unpaid bill of the complainants is adjusted by a reduction of one-half the amount claimed by the respondent water company to the extent that the claim exceeds previous 'normal' consumption by complainants as measured by the amount of water consumed during the nine month period beginning June 1, 1973. This adjustment only affects such amount which is determined by consumption. The rate to be charged shall be the tariff rate charged by respondent during the period commencing June 1973 through May 1974.

All parties agree that, quoting from the PUC's brief, "[i]t is well settled in Pennsylvania that the applicant for relief, complainant in the instant case, has the burden of proof." The brief then goes on to support the position that the PUC found that complainants had met their burden of proof. A reading of the PUC's opinion, two of the five members dissenting, shows this to be incorrect. Indeed, after acknowledging that the burden of proof was upon com-

plainants, the opinion goes on to state that the burden was too heavy for the complainants to carry. Any possible doubt on this issue is removed by the order itself. Had complainants carried their burden they would have been entitled to the relief sought, not to an arbitrary one-half of it.

The PUC attempts to justify its unique solution of dividing the amount in dispute when neither side can account for the unusual consumption, by taking "administrative notice" of the circumstances of this case. It has no authority for such a position. *Leaman Transportation Corp. v. Pennsylvania Public Utility Commission,* 153 Pa. Superior Ct. 303, 33 A.2d 721 (1943).

Accordingly, we will enter the following

ORDER

AND Now, April 3, 1978, the order of the Pennsylvania Public Utility Commission entered February 7, 1977, to Complaint Docket 20822, is reversed and set aside, and the Complaint filed by Norman and Harriet Feinstein against Philadelphia Suburban Water Company is dismissed.