Mobilfone of Northeastern Pennsylvania, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Hazle-Tone Communication, Inc., Intervenor.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Robert E. Yetter, Metzger, Wickersham, Knauss & Erb,* for petitioner.

*Eric A. Rohrbaugh,* Assistant Counsel, with him *Joseph J. Malatesta, Jr.,* Chief Counsel, and *Alfred N. Lowenstein,* Deputy Chief Counsel, for respondent.

*Sharon R. Bitzel,* for intervenor.

OPINION BY JUDGE BLATT, June 25, 1982:

Mobilfone of Northeastern Pennsylvania Inc., (Mobilfone) appeals an order of the Pennsylvania Public Utility Commission (PUC) adopting the decision of an Administrative Law Judge (ALJ) to grant the application of Hazle-Tone Communication, Inc., (Hazle-Tone) for a certificate of public convenience.

On March 2, 1979, transferor Charles B. Shafer, t/a Radio Paging of Northeastern Pennsylvania, and

Hazle-Tone filed an application with the PUC so as to permit: (1) the transfer of all rights and property from Shafer to Hazle-Tone; (2) the beginning, by Hazle-Tone, of the right to offer one-way mobile telephone common carrier service to the public in portions of Lackawanna and Luzerne Counties; and (3) the abandonment of all mobile telephone service by Shafer.

A protest to the application was filed on March 26, 1979 by Mobilfone and the ALJ, after holding hearings, recommended that the application be approved in its entirety. The PUC, by an order entered April 11, 1980, adopted the ALJ's recommendation. On April 25, 1980, Mobilfone filed a petition for rehearing, reconsideration and rescission and on May 9, 1980 the PUC granted this petition and remanded the proceedings to the ALJ for further hearings. A remand hearing was held on August 6, 1980, and the ALJ rendered a decision on November 28, 1980, again recommending that the application be approved in its entirety. By an order entered March 24, 1981, the PUC adopted the initial decision of the ALJ, denied the protestant's exceptions to the initial decision, and approved the applicant's transfer application. This appeal followed.

In deciding whether or not to grant an application, the PUC is required to consider the statutory mandate as set forth by Section 1103(a) of the Public Utility Code (Code), 66 Pa. C. S. §1103(a), which provides as follows:

> A certificate of public convenience shall be granted by order of the commission, only if the commission shall find or determine that the granting of such certificate is necessary or proper for the service, accommodation, convenience or safety of the public.

Normally, an applicant must establish the above. *Pennsylvania Public Utility Commission v. Purolator*

*Courier Corp.,* 24 Pa. Commonwealth Ct. 301, 355 A.2d 850 (1976). Where, however, as in the instant matter, a straight-transfer of rights is involved, an applicant need not bear the burden of establishing necessity and convenience because such factors are presumed to continue. *Byerly v. Pennsylvania Public Utility Commission,* 440 Pa. 521, 270 A.2d 186 (1970). Consequently, the only requirement that Hazle-Tone had to prove below, and the only element that protestant Mobilfone challenges, is its ability or fitness[1] to meet the public need.

We have recognized that where, as here, the party with the burden of proof (of ability or fitness) has prevailed below, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or necessary findings of fact were supported by substantial evidence. *Purolator.* And, we have recognized that it is the PUC's duty as factfinder to resolve conflicts in the evidence and to choose how much weight certain evidence shall be assigned. *Gibbons Inc. v. Pennsylvania Public Utility Commission,* 18 Pa. Commonwealth Ct. 114, 334 A.2d 806 (1975).

Mobilfone argues before us that Hazle-Tone is financially unfit and therefore unable to operate as a radio common carrier and that there is no substantial evidence in the record upon which to base the PUC's conclusion to the contrary. Additionally, it argues that the PUC has attempted to change the law with respect to the standards of fitness for a transferee.

[1] Although fitness or ability are not specific statutory requirements, they have developed by judicial and administrative interpretation of Section 1102 of the Code, 66 Pa. C. S. §1102 (certification of transferee required for transfer), and Section 1103(a) of the Code. *See generally, Pittston Gas Co. v. Pennsylvania Public Utility Commission,* 190 Pa. Superior Ct. 365, 154 A.2d 510 (1959) ; *Pennsylvania Public Utility Commission v. Pennsylvania Radio Telephone Corp.,* 20 Pa. Commonwealth Ct. 591, 342 A.2d 489 (1975).

Our careful review of the record discloses, however, that Hazle-Tone's balance sheet and the auditor's opinion show it to be solvent. Furthermore, Mr. Robert E. Cavalari, a certified public accountant,[2] testified that, based upon his review of Hazle-Tone's financial records, it is in solid financial condition, is extremely liquid, and is adequately capitalized to provide common carrier service.

We believe, therefore, that it is clear that the necessary findings of fact below were supported by substantial evidence, *Purolator,* sufficient for the PUC to conclude that the applicant was financially able to operate as a one-way mobile telephone common carrier. Furthermore, we do not find that the PUC erred as a matter of law or that it attempted to change the law with respect to the standards[3] of fitness for a transferee.

We will therefore affirm the PUC's order.

ORDER

AND Now, this 25th day of June, 1982, the order of the Pennsylvania Public Utility Commission in the above-captioned matter is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

[2] At the hearing held on June 27, 1979, Mobilfone conceded that Mr. Cavalari was an expert witness in the accounting field. The protestant, however, later argued that Mr. Cavalari was not a competent witness because only an accountant with a background in the field of radio common carriers or utilities generally may render a valid opinion as to whether a transferee is adequately capitalized. We, like the PUC, reject this argument in this situation, and agree with the ALJ that "it does not follow that a certified public accountant could not determine the *financial viability* of a corporation seeking Commission approval to operate within a certain designated area as a mobile radio-telephone service . . . at most this objection goes to the weight to be accorded Mr. Cavalari's testimony rather than its admissibility." (Emphasis added.)

[3] *See e.g., Pennsylvania Radio Telephone Corp.*