461 A.2d 1234

**Gary and Doris BURLESON, Appellants,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Appellee,**

and

**West Penn Power Company, Intervenor.**

Supreme Court of Pennsylvania.

Argued March 9, 1983.

Decided July 11, 1983.

Reargument Denied Sept. 22, 1983.

434

Larry B. Selkowitz, Widoff, Reager, Selkowitz & Adler, P.C., Harrisburg, for appellants.

Edward S. Stiteler, Greensburg, for West Penn Power Co.

Robert P. Meehan, Asst. Counsel, Harrisburg, for Pa. Public Utility Com.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice.

This is an appeal from an opinion of the Commonwealth Court affirming an order of appellee, the Pennsylvania Public Utility Commission (hereinafter "P.U.C."), which dismissed appellants' complaint. The lower court opinion is reported at 66 Pa.Cmwlth. 282, 443 A.2d 1373 (1982).

Appellants, Gary and Doris Burleson, are the owners of a mobile home located in Smithfield, Pennsylvania. On April 10, 1979, they filed an informal complaint with the Consumer Services Bureau of the P.U.C. claiming that their utility company, West Penn Power Company, the appellee, (hereinafter "West Penn") had overcharged them for electric service since January of 1978. The total amount of the alleged overbilling was less than $200.00. After they were denied relief, appellants retained counsel and filed a formal complaint with the P.U.C. dated October 9, 1979 claiming that they had been chronically overbilled from January, 1978 through June, 1979.

An Administrative Law Judge heard arguments on the complaint and denied appellants relief by decision dated July 17, 1980. Appellants filed exceptions which were subsequently argued and dismissed. Appeal was then taken to the P.U.C. which affirmed the Administrative Law Judge's decision after oral arguments were heard in an opinion dated December 11, 1980. Subsequently, appellants appealed to the Commonwealth Court which affirmed the P.U.C. We now affirm.[1]

In a complaint for overbilling by a customer of a public utility, the legislature has placed the burden of proof upon the complainant. *See* 66 Pa.C.S.A. § 332(a). The P.U.C. promulgated a rule in *Malcom Waldron v. P.U.C.,* C–77100047, which provided that in such proceedings a complainant may establish a prima facie case that can not be defeated, in limine, by the complainant's failure to prove the utility's meter was misread or otherwise inaccurate. Recognizing that technical expertise to test meter accuracy may not be available to a complainant, the P.U.C. in *Waldron* established other evidentiary criteria for determination upon the whole record of whether a complainant has established a prima facie case.

Under these requirements, a complainant may establish a prima facie case by showing that his power usage for the

---

1. Jurisdiction is vested in this Court pursuant to the Act of July 9, 1976, P.L. 586, No. 142 § 2, 42 Pa.C.S.A. § 724(a).

billing period in question was unchanged from earlier periods and his bill for the same period was higher than previous bills. The burden of *going forward,* not the burden of proof, as appellants' erroneously contend, then shifts to the utility which must rebut the complainant's case with co-equal evidence. Under *Waldron* the fact finder measures the weight of all the evidence so that the mere proof by the utility that its power measuring devices were accurate is no longer the sole determinant as to whether there is a basis to a complaint of overbilling.

Thus, essentially the *Waldron* Rule is an evidentiary device by which a utility customer's complaint of overbilling is protected from dismissal during the early stages of litigation. Even if the rule's requirements are met, a complainant remains obligated to prove his case after the utility presents its rebuttal evidence. Therefore, unless a utility customer's complaint is dismissed for his failure to establish a prima facie case, the applicability of *Waldron* at the appeal stage of litigation is irrelevant. Here, appellants' case was dismissed for their failure to meet the required burden of proof, not because they failed to establish a prima facie case under the *Waldron* rule. The Commonwealth Court, consequently, properly disregarded the rule and confined its scope of review to the question of whether appellants met the required burden of proof. *See* 2 Pa.C.S. § 704. *See also, Norfolk and Western Railway Co. v. P.U.C.,* 489 Pa. 109, 413 A.2d 1037 (1980) (providing that the scope of appellate review of administrative agencies is to determine if there is substantial evidence in the record to support the lower tribunal's findings, whether there was an error of law or abuse of discretion or whether constitutional rights were violated). We agree with the Commonwealth Court that appellants' failed to meet their burden.

Appellants retained the services of Dr. Charles Claar who testified that the Burleson's power usage for the period in question did not significantly change from prior patterns despite the abnormally high bills which they received from West Penn. On cross-examination he stated that certain

factors such as "a ground fault" or "theft" may have explained the increase of appellants' power use during the period in question. On redirect, he explained that these possibilities were remote.

West Penn presented numerous exhibits and expert testimony establishing that the power measuring devices were accurate and that voltage fluctuation, which appellants' alleged was a factor in causing the disputed increase, had no impact on the meter readings. West Penn also established that appellants' neighbors did not experience the same difficulties that affected the Burlesons'.

Appellants claim the evidence presented by appellee was insufficient to meet West Penn's burden of going forward to rebut the Burleson's prima facie case under *Waldron* and that, as a consequence, they should have prevailed. The crucial flaw in this argument is its failure to distinguish between the processes of establishing a prima facie case and meeting the required burden of proof.

Whereas a litigant establishes a prima facie case by producing enough evidence to support a cause of action, the burden of proof is met when the elements of that cause of action are proven with substantial evidence which enables the party asserting the cause of action to prevail, precluding all reasonable inferences to the contrary. *See Lear v. Shirk's Motor Express Corp.*, 397 Pa. 144, 152 A.2d 883 (1959). *See also, Pastuszek v. Murphy Plywood Corp.*, 219 Pa.Super. 59, 280 A.2d 644 (1971).

In the instant matter, appellants may have presented enough evidence with Dr. Claar's testimony to support a prima facie case under *Waldron*. However, when the evidence presented by both parties is viewed as a whole, it is clear that the P.U.C. could properly have concluded that the Burlesons did not meet the required burden of proof.

West Penn complied with its burden under *Waldron* and presented more than mere proof that its meter accurately measured appellant's power usage. It also established, among other facts, that voltage fluctuations did not influ-

ence power meter readings, that appellants' neighbors were unaffected by the problems of which appellants' complained and that, according to Dr. Claar, "theft" or a "ground fault" may have caused the disputed increase.

The lower court, exercising its scope of review under *Norfolk,* balanced West Penn's evidence with Dr. Claar's testimony and concluded that the weight of evidence supported West Penn's position. In view of the fact that appellant's did little more than attempt to establish a prima facie case, there is no basis upon which to disturb this conclusion.

Accepting appellants' position would require that this Court elevate the *Waldron* decision beyond its status as an administrative rule of evidence to the level of a substantive principle. When applied, this principle would enable a utility customer complaining of overbilling to prevail merely by presenting enough evidence to support a prima facie case. Such a conclusion would ignore the fact that there is a clear distinction between the weight of evidence required to support a prima facie case and the weight necessary to meet a complainant's burden of proof. We can not disregard this distinction.

Accordingly, the order of the Commonwealth Court is affirmed.

NIX, J., files a dissenting opinion in which LARSEN and HUTCHINSON, JJ., join.

NIX, Justice, dissenting.

In my judgment, the appellants sustained their burden by proving they were not responsible for the excessive usage. The statutory burden [*see* 66 Pa.C.S.A. § 332(a) ] is satisfied when a complainant offers evidence that his consumption of power during the time segment in question did not cause the excessive usage in dispute. The error of the Commonwealth Court and the majority's opinion today is that they implicitly place the obligation upon the complainant of proving an act or an omission of the utility as being responsible for the

excessive use. In other words, the thrust of today's opinion requires the complainant to identify the cause of the excessive usage. Such a burden goes beyond the statutory directive and is clearly unfair.

I, therefore, dissent and would reverse the order of the Commonwealth Court.

LARSEN and HUTCHINSON, JJ., join in this dissenting opinion.