Pennsylvania Electric Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued February 2, 1984, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Alan Michael Seltzer,* with him *Frederick L. Reigle, Ryan, Russell & McConaghy,* for petitioner.

*Thomas J. Sniscak,* Assistant Counsel, with him *Louise A. Knight,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, February 28, 1984:

Pennsylvania Electric Company (Penelec) appeals from an order by the Pennsylvania Public Utility Commission, directing Penelec to recalculate the bill of Terry and Georgia Piatt because of an alleged overcharge for electrical service.

We have been asked to decide if the PUC violated Penelec's due process rights or committed an error of law by using the PUC's *Waldron* rule to resolve this overbilling dispute and if substantial evidence supports the commission's decision. *See Mobilfone of Northeastern Pennsylvania, Inc. v. Pennsylvania Public Utility Commission*, 67 Pa. Commonwealth Ct. 219, 222, 446 A.2d 1001, 1003 (1982).

In their complaint, the Piatts claimed that their electric bills of February 10 and April 13, 1982 were abnormally high. We have reproduced part of their billing history for 1981-82, as follows:

| Meter Reading | KWH Consumption | Type of Reading |
|---|---|---|
| Oct. 9-81 | 823 | Actual |
| Nov. 10-81 | 841 | Estimated |
| Dec. 10-82 | 1,789 | Verified |
| Jan. 12-82 | 941 | Estimated |
| Feb. 10-82 | 3,309 | Verified |
| Mar. 12-82 | 750 | Estimated |
| Apr. 13-82 | 2,810 | Verified |

The Administrative Law Judge (ALJ) pertinently found that the Piatts work during the day and are only at home after 4:00 p.m. and on weekends. They heat their home with oil and wood and use electricity primarily for cooking and lighting.

In October of 1981, the Piatts purchased a 1500 watt single tube Presto quartz heater, used in their kitchen for a maximum of six hours per day between October and February.

In October of 1982, Penelec tested the Piatts' meter and found it functioning accurately.

At the hearing, the Piatts claimed that they could not have consumed the amount of electricity indicated in their February and April bills. They stated that, with the exception of purchasing the quartz heater, nothing had changed in their energy-consuming habits; the number of occupants in their home had remained constant and they had not altered their working hours.

By way of rebuttal, R. Thomas Brownlee, Penelec's manager for business office operations, testified that the quartz heater, run continuously twenty-four hours a day for an entire month, would consume 1,080 kilowatt hours (kwh), and therefore could account for the higher February and April bills.

Because the Piatts testified that they were not home during the day, the ALJ discounted Mr. Brownlee's theory of continuous heater usage. The ALJ also observed, however, that, because their billing history revealed a pattern of low estimated readings followed by high verified readings for both summer and winter, the Piatts had demonstrated a potential for high annual energy use. He therefore concluded that the disputed bills were not abnormally high.

In making his decision, the ALJ relied on the PUC's *Waldron* rule, which our Supreme Court described as follows in *Burleson v. Pennsylvania Public Utility Commission,* 501 Pa. 433, 461 A.2d 1234 (1983), *aff'g* 66 Pa. Commonwealth Ct. 282, 443 A.2d 1373 (1982):

> Under . . . [the Waldron rule], a complainant may establish a prima facie case by showing that his power usage for the billing period in question was unchanged from earlier periods and his bill for the same period was higher than

previous bills. The burden of *going forward* . . . then shifts to the utility which must rebut the complainant's case with co-equal evidence. Under Waldron the fact finder measures the weight of all the evidence so that the mere proof by the utility that its power measuring devices were accurate is no longer the sole determinant as to whether there is a basis to a complaint of overbilling. (Emphasis in original).

501 Pa. at 435-36, 461 A.2d at 1235-36.

The PUC agreed that the *Waldron* rule controlled, but disagreed with the ALJ's conclusion that the Piatts had failed to establish a prima facie case. By comparing the Piatts' total electrical consumption from December 1981 to April 1982 (7,810 kwh) with their consumption from December 1980 to April 1981 (3,190 kwh), and by apparently accepting the Piatts' claim that they had not altered their overall pattern of electrical consumption from the previous year and that they only used their quartz heater approximately six hours per day, the PUC determined that the Piatts met their burden of proving an overcharge. The PUC also determined, however, that the Piatts' use of the heater accounted for 2000 kwh/four months more electricity in 1982 and therefore, ordered Penelec to recalculate the bill to reflect use of approximately 5,190 kwh (2000 kwh plus 3190 kwh).

Penelec contends that the PUC's reliance upon the *Waldron* rule violated Penelec's due process rights in that the rule is inconsistent with the complainant's burden of proof requirement under section 332(a) of The Public Utility Code, 66 Pa. C. S. §332(a).[1]

---

[1] *See Burleson*, 501 Pa. at 436, 461 A.2d at 1235 (in complaint for overbilling by customer of public utility, legislature placed burden of proof upon complainant) ; *see also Philadelphia Suburban Water Co. v. Feinstein*, 34 Pa. Commonwealth Ct. 516, 383 A.2d 997 (1978).

However, *Waldron* is nothing more than an evidentiary rule adopted by the PUC to apportion the burden of going forward with evidence; it does not fall within our scope of appellate review. *Burleson,* 66 Pa. Commonwealth Ct. at 286-87, 443 A.2d at 1375. Therefore, unless the PUC dismisses a utility customer's complaint for failure to establish a prima facie case, "the applicability of Waldron at the appeal stage of litigation is irrelevant." *Burleson,* 501 Pa. at 436, 461 A.2d at 1236. Here, the Piatts prevailed before the PUC.

Penelec also argues that the PUC misused the *Waldron* rule—essentially contending that the decision is unsupported by substantial evidence of record. Penelec claims that, because it came forward with evidence of a high energy usage potential, the PUC had to accept the higher billings as correct.

However, by virtue of section 335 of the Code,[2] the PUC, not the ALJ, is the ultimate factfinder, resolving conflicts in testimony and weighing evidence. *Mobilefone,* 67 Pa. Commonwealth Ct. at 222, 446 A.2d at 1003 (1982); *Pennsylvania Retailers' Associations v. Pennsylvania Public Utility Commission,* 64 Pa. Commonwealth Ct. 491, 503, 440 A.2d 1267, 1272 (1982) (decision of ALJ, although perhaps eminently reasonable, may always be superseded if contrary decision is reached by commission based on substantial evidence).

The PUC therefore was empowered to accept the Piatts' testimony of a relatively stable pattern of electrical consumption, as evidence of an actual use pattern, countering Penelec's proof as to potential usage. Accordingly we affirm.[3]

---

[2] 66 Pa. C. S. §335.

[3] Penelec also contends that the PUC's recalculation order violates sections 1303 and 1304 of the Code, 66 Pa. C. S. §§1303, 1304. Penelec, however, failed to preserve this issue for appellate review.

ORDER

Now, February 28, 1984, the order of the Pennsylvania Public Utility Commission, F-8283692, entered May 19, 1983, is affirmed.