# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Egidio Sciulli    :
    :
From Decision of City of    :    No. 1623 C.D. 2023
Philadelphia Tax Review Board    :
    :    Submitted:  August 8, 2025
Appeal of: Egidio Sciulli    :
    :

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**PER CURIAM**           **FILED:  March 24, 2026**

Egidio Sciulli (Appellant) appeals from the order entered by the Court of Common Pleas of Philadelphia County (trial court) on December 14, 2023, which affirmed a decision of the City of Philadelphia (City) Tax Review Board (Board) denying Appellant's challenge to water and sewer service assessments by the City Water Revenue Department (Department).  After careful review, we affirm.

## I. BACKGROUND[1]

Appellant owns property at 1343 Ellsworth Street, Philadelphia, PA 19147 (Property), which is operated as a multi-family residential apartment building with five units.  For approximately two years, between July 2017 and October 2019, an electronic transmitter on the Property malfunctioned and ceased sending water usage data to the Department.  During this time, the Department billed Appellant based on estimated readings.  Eventually, a Department technician reported to the Property to install a new transmitter, and while there, the technician was able to

---

[1] Unless otherwise stated, we base the factual background on the trial court's Pa.R.A.P. 1925(a) Opinion, which is supported by the record.  *See* Trial Ct. Op., 5/16/24; *see also* Bd. Op., 8/4/23.

manually read the meter and record the tenants' actual water usage. These manual readings reflected a higher usage, meaning that Appellant had been underbilled during this period. Subsequently, the Department issued a corrective bill that back-charged Appellant for the difference between the estimated and actual usage during the period in which the transmitter was not functioning properly.

Appellant requested review of the adjusted assessments. On August 3, 2020, a hearing officer adjusted the bill for the period from July 17, 2017, through December 18, 2019. Additionally, the interest fees were abated 100%.

Appellant appealed to the Board. Following a lengthy continuance, a hearing was held on February 21, 2023. Although Appellant suggested that the recorded usage was inconsistent with readings before and after the disputed period, Appellant's account history demonstrated fluctuating usage. Additionally, Appellant posited that neighboring property owners may have been stealing water during this period and that the Department should conduct an investigation. However, Appellant offered no evidence in support of this theory. To the contrary, Enrico Sciulli, a certified master plumber and the Appellant's son, confirmed that all water fixtures were working properly and that access to the Property's meter room was restricted.

Ultimately, the Board determined that the actual water meter reading produced back-billing that was reasonable given the property type and a history of usage fluctuations before and after the transmitter replacement. Accordingly, the Board concluded that the back charges were appropriate. Nevertheless, the Board abated 100% of the assessed penalties, contingent on Appellant's entry into a

payment agreement within 30 days, because it found that Appellant had not acted in bad faith or with negligence.[2]

Appellant appealed to the trial court.[3]  The trial court heard no new evidence and, following argument, denied the appeal for lack of merit.  Appellant then timely appealed to this Court and filed a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) statement.  The trial court issued a responsive opinion.

## II. ISSUES

Appellant identifies three related issues for our review.[4]  First, Appellant asserts a violation of his right to due process because he was denied

---

[2] At the time of the hearing, Appellant owed $19,059.78 ($17,957.68 in principal and $1,102.10 in penalties).  Bd.'s Op. at 1 (unpaginated).

[3] Appellant appealed to the trial court on April 4, 2023.  All motions and Appellant's brief were due no later than September 5, 2023.  *See* Trial Ct. Scheduling Order, 6/6/23.  On September 8, 2023, Appellant belatedly filed a motion for extraordinary relief, seeking an extension for filing his brief and suggesting that he would file his brief later that day.  *See* Appellant's Mot. for Extraordinary Relief, 9/8/23.  He did not.  Nevertheless, the City's motion to quash the appeal was denied.  *See* City's Mot. to Quash, 9/12/23; Trial Ct. Order, 12/14/23. Eventually, Appellant filed a brief, suggesting for the first time that a denial of discovery had violated his due process rights.  *See* Appellant's Trial Ct. Br., 10/2/23, at 1; *but see also* Appellant's Resp. to City's Mot. to Quash, 9/15/23 (errantly asserting the purported denial of discovery in response to the City's request to dismiss this matter for Appellant's dilatory conduct).

[4] Although represented by counsel throughout these proceedings, Appellant has not developed legal arguments in support of these issues, risking waiver.  *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (holding that failure to develop issue in appellate brief results in waiver); *Browne v. Dep't of Transp.*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver.").  Appellant's block quotations of statutory or constitutional provisions merely articulate broad, general principles concerning access to the courts and the availability of legal remedies, and, as such, are inapposite and provide no support for Appellant's claims.  *See* Appellant's Br. at 8-9 (quoting 42 Pa.C.S. § 5101; Pa. Const. art. I, § 11; U.S. Const. art. VI, clause 2; and Pa.R.P.C. 3.4).

Nevertheless, we decline to find waiver on this ground because the issues raised are otherwise waived or clearly meritless, but we must caution that appellate courts are "neither obliged, nor

discovery. *See* Appellant's Br. at 2, 7. Second, according to Appellant, the trial court erred when it referred him to the Freedom of Information Act[5] as a means to obtain the information needed to present his case rather than directing the Department to provide him with the discovery needed. *See id.* at 2, 8. Third, Appellant asserts that the trial court further erred by permitting opposing counsel to be "unfair" by "denying discovery and telling the tribunal that Appellant's argument lacks merit."[6] *See id.* at 2, 9.

### III. DISCUSSION

When a full record has been made before the Board, as it was in this case, our review is limited to determining whether constitutional rights have been violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *See Maggio v. Tax Rev. Bd. of City of Phila.*, 674 A.2d 755, 756 (Pa. Cmwlth. 1996); 2 Pa.C.S. § 754(b). A full record is defined as "a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal and, also, that the appellate court is given a sufficient record upon which to rule on the questions presented." *Kuziak v. Borough of Danville*, 125 A.3d 470, 475 (Pa. Cmwlth. 2015) (citation omitted).

Further, it is well settled that a utility customer who complains that he has been overcharged bears the burden of proof. *See Burleson v. Pa. Pub. Util.*

---

even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (citation omitted).

[5] 5 U.S.C.A. § 552.

[6] It is unclear what Appellant means by "unfair," but Appellant asserts that opposing counsel's conduct violates Rule 3.4 of the Pennsylvania Rules of Professional Conduct. *See id.* (mislabeling this as a "[r]ule of [d]iscipline"); *see also* 204 Pa. Code r. 3.4. We decline to address this assertion. Our Supreme Court has adopted the Rules of Professional Conduct and thereunder has inherent and exclusive power to supervise and govern the conduct of the attorneys who practice law in this Commonwealth. *See Beyers v. Richmond*, 937 A.2d 1082, 1091 (Pa. 2007).

*Comm'n*, 461 A.2d 1234, 1236 (Pa. 1983); *see e.g.*, *In re Cox* (Pa. Cmwlth. 1574 C.D. 2018, filed Dec. 16, 2019), 2019 WL 6838026, at *6 (rejecting the claim that a Philadelphia water customer was relieved of the obligation to pay a bill, purportedly never received, because the customer had the burden to establish that the charges assessed on the bill were incorrect); 210 Pa. Code § 69.414(a). Here, Appellant does not claim that he met this burden, *see generally* Appellant's Brief, but rather asserts that the purported denial of discovery prevented him from presenting a case. *See id.* at 7.

As noted by the City, there is no evidence of record to support Appellant's claim. *See* City's Br. at 9, 14; *see generally* C.R. To be clear, at no point in these proceedings did Appellant formally request discovery, nor is there any indication in the record that discovery was denied. As the Board hearing ended, Appellant's counsel made a brief statement requesting "all the documents that were presented by the City," to which counsel for the Department responded, "I will send her everything that we showed today." Notes of Testimony (N.T.) Bd. Hr'g, 2/21/23, at 48-49. Otherwise, the record merely includes several references to a request that the Department investigate water usage at neighboring properties. *See, e.g.*, N.T. Bd. Hr'g at 23, 24, 25, 43, 44.

"Section 753(a) of the Local Agency Law incorporates the waiver doctrine by requiring all legal questions be raised before the administrative agency hearing the appeal." *Roomet v. Bd. of License & Inspection Rev.*, 928 A.2d 1162, 1165 n.2 (Pa. Cmwlth. 2007).[7] Because Appellant did not raise a discovery issue before the Board, we deem the issue waived. *Id.*

---

[7] Section 753(a) provides:

Absent any waiver, Appellant's claim is meritless. Essentially, discovery is a process by which a party may obtain information "which is relevant to the subject matter involved in a pending action." Pa.R.Civ.P. 4003.1; *see generally* Pa.R.Civ.P. 4001-4025. It is well settled that "[h]earings before local agencies are governed by the Local Agency Law, which does not provide for discovery or application of the Rules of Civil Procedure." *Retirement Bd. of Allegheny Cnty. v. Colville*, 852 A.2d 445, 450 n.10 (Pa. Cmwlth. 2004); *see Appeal of Borough of Churchill*, 575 A.2d 550 (Pa. 1990); *Rhodes v. Laurel Highlands Sch. Dist.*, 544 A.2d 562, 564 (Pa. Cmwlth. 1988) (rejecting an appellant's due process claim, premised upon an agency's failure to answer interrogatories, because the Local Agency Law does not provide for discovery).

Additionally, an appeal from an assessment by the Department is a statutory appeal from a final decision of the Board to a court of common pleas. *See* 2 Pa.C.S. § 752; 42 Pa.C.S. § 933(a)(2). In such appeals, discovery rules are not applicable. *See Terminal Freight Handling Corp. v. Bd. of Assessment Appeals*, 790 2d 1068, 1071 (Pa. Cmwlth. 2001); *Tanglewood Lakes Cmty. Ass'n v. Pike Cnty.*, 642 A.2d 581, 582-83 (Pa. Cmwlth. 1994) (concluding that in the context of tax assessment appeal that discovery is permitted but not mandated and is left to the trial court's discretion); Pa.R.Civ.P. Nos. 4001, 1007. If a party requests that discovery

(a) General rule.--A party who proceeded before a local agency under the terms of a particular statute, home rule charter, or local ordinance or resolution shall not be precluded from questioning the validity of the statute, home rule charter or local ordinance or resolution in the appeal, but if a full and complete record of the proceedings before the agency was made such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa.C.S. §753(a).

be conducted, that party must file a motion with the trial court. *Terminal Freight Handling Corp.*, 790 A.2d at 1071.

Here, Appellant first mentioned a need for discovery following his statutory appeal to the trial court. *See, e.g.*, Appellant's Resp. to City's Mot. to Quash, 9/15/23 ("I believe a request for discovery is what is needed."); N.T. Trial Ct. Hr'g, 12/14/23, at 4 ("The essence of the appeal is that we've been denied from the very beginning any discovery from the Water Department."). However, even at this late stage, Appellant never formally requested discovery. *See generally* C.R.

Finally, Appellant's assertion that the trial court erred when it referred Appellant to the Freedom of Information Act is devoid of merit and, frankly, misrepresents the record. In opening remarks presented to the trial court, counsel for Appellant asserted a denial of discovery, provided a summary of the facts, reiterated Appellant's request for an investigation, then ended her remarks as follows:

> [Appellant's counsel]: What we have today is basically, I think, a violation of the Freedom of Information Act. So it is constitutional and we can go to the federal government and that would be probably what our next step is.
>
> [Trial Court]: Okay. Thank you. [City Counsel], your response please.

N.T. Trial Ct. Hr'g at 6. Clearly, the trial court did not refer Appellant to the Freedom of Information Act, as a potential remedy, a substitute for discovery, or for any other reason.[8]

---

[8] In light of Appellant's invocation of the Pennsylvania Rules of Professional Responsibility, we caution Appellant's counsel to remain mindful of an attorney's duty of candor toward the tribunal. *See* Pa. R. Pro. Conduct r. 3.3 (2024).

## IV. CONCLUSION

For the foregoing reasons, Appellant's issues lack merit.  Accordingly, we affirm.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Egidio Sciulli　　　　　:
　　　　　　　　　　　　　　　　　　　　:
From Decision of City of　　　　　　　　:　　No. 1623 C.D. 2023
Philadelphia Tax Review Board　　　　　:
　　　　　　　　　　　　　　　　　　　　:
Appeal of: Egidio Sciulli　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:

**PER CURIAM**

# **O R D E R**

AND NOW, this 24th day of March, 2026, the order of the Court of Common Pleas of Philadelphia County entered December 14, 2023, is AFFIRMED.